IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 7:16-cr-00057 |
| v. | ) | |
| | ) | |
| DOSHAY ANTWAN SMITH, | ) | By: Michael F. Urbanski |
| Defendant-Petitioner | ) | Chief United States District Judge |

## MEMORANDUM OPINION

This matter comes before the court on a motion for compassionate release filed by Doshay Antwan Smith pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 300. The Federal Public Defender was offered an opportunity to file a supplemental motion but declined to do so. ECF Nos. 303, 305. The government filed a response to the motion on September 30, 2022. ECF Nos. 309, 310. On August 23, 2023, and September 14, 2023, Smith requested additional time to reply to the government's response because he had not received a copy of it. ECF Nos. 319, 322. On September 14, 2023, a copy of the government's response was mailed to Smith. On the same day, notice was mailed to Smith that he was given additional time to reply to the government's response. Staff Notes, Sept. 14, 2023. To date, Smith has not replied to the government's response. The court has reviewed the briefing and the evidence and as set forth more fully below, **DENIES** Smith's motion for compassionate release.

### I. Background

On January 12, 2017, Smith was charged in a second superseding indictment with two counts of distributing a mixture containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Counts One and Two) and one count of conspiring to possess and distribute 500 grams or more of a mixture containing a detectable

1

amount of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) (Count Three). ECF No. 34. On May 26, 2017, Smith entered into a written plea agreement in which he agreed to plead guilty to Counts One and Two of the second superseding indictment. Count Three would be dismissed. Plea Agreement, ECF No. 115 at 1-2. On July 3, 2016, the court sentenced Smith to concurrent terms of 168 months on each count to be followed by a 3-year term of supervised release. J., ECF No. 199.

Smith did not file a direct appeal but did file a § 2255 motion for habeas corpus relief on May 9, 2019. ECF No. 202. On April 15, 2020, the court denied Smith's § 2255 motion. ECF Nos. 231, 232. Smith appealed and the Fourth Circuit dismissed the appeal on December 7, 2021. ECF Nos. 292, 293, 294. Smith currently is incarcerated at Federal Correctional Institution (FCI) McDowell and has a projected release date of November 15, 2028.[1]

## II. Compassionate Release

Smith seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A), arguing that he is entitled to compassionate release based on COVID-19 and his serious medical conditions. The compassionate release statute as amended by the First Step Act of 2018 authorizes courts to modify terms of imprisonment as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after

---

[1] https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (search "Doshay Antwan Smith") (last viewed Dec. 18, 2023).

2

> considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

Accordingly, Smith's requested relief requires the court to consider (1) if he exhausted his administrative remedies; (2) if so, whether there are extraordinary and compelling reasons that warrant a reduction in his sentence; and (3) if so, what, if any, sentence reduction is appropriate after considering the applicable 18 U.S.C. § 3553(a) factors.

The court begins by considering the threshold requirement for obtaining relief under § 3582(c)(1)(A). United States v. Muhammad, 16 F. 4th 126, 129–30 (4th Cir. 2021). This requirement, which is non-jurisdictional, is "satisfied if a defendant requests the Bureau of Prisons to bring a motion [for compassionate release] on their behalf and either fully exhausts all administrative rights to appeal the Bureau's decision or waits 30 days from the date of their initial request to file a motion in the district court." Id. at 131. Smith sent a request for compassionate release to the warden of FCI McDowell on October 20, 2021, ECF No. 300-6, and filed his motion for compassionate release more than 30 days later. The government does not contest that Smith has exhausted his administrative remedies as required under 18 U.S.C. § 3582(c)(1)(A). Resp., ECF No. 306 at 2–3. Accordingly, the court finds that Smith has satisfied the statute's exhaustion requirement.

The court next must consider whether it should reduce the term of imprisonment. Smith contends that he is entitled to compassionate release based on conditions created by the COVID-19 pandemic and because he suffers from a serious medical or physical condition that substantially diminishes his ability to provide self-care. The United States Sentencing

3

Commission recently amended the section of the guidelines that addresses motions for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) when a defendant alleges that "extraordinary and compelling" reasons warrant a reduction. See U.S. SENT'G COMM'N, GUIDELINES MANUAL §3E1.1 (NOV. 2023) ("USSG" or "guidelines"). The revised guidelines will be applied to Smith's arguments.

### A. COVID-19

Under the revised guidelines, to demonstrate an extraordinary and compelling reason for a sentence reduction based on an outbreak of an infectious disease a defendant must show the following:

> (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
>
> (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i);
>
> and (iii) such risk cannot be adequately mitigated in a timely manner.

USSG § 1B1.13(b)(1)(D).

Smith cannot make this showing because he cannot show either that FCI McDowell is affected by an outbreak of an infectious disease, or an ongoing public health emergency is currently in effect as declared by a federal, state, or local authority. At this time, FCI McDowell has zero open cases of COVID-19 out of 1,539 inmates.[2] The facility is operating at Operational Level 1, indicating that the medical isolation rate at the facility is less than two

---

[2] https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp (last viewed Jan. 4, 2024).

percent and that there are fewer than 100 cases per 100,000 over the last seven days.[3] In addition, on May 11, 2023, the United States Department of Health and Human Services announced the end of the public health emergency caused by the COVID-19 pandemic.[4]

In addition, even if Smith could show the existence of the first two conditions, he cannot show that he is at increased risk of suffering severe medical complications or death that cannot be adequately mitigated in a timely manner. Smith argues that he is at special risk from COVID-19 because he has a history of smoking and because he suffers from chronic pain and high blood pressure. However, Smith has been vaccinated against COVID-19, Med. Rs., ECF No. 310-3 at 53, 110 and the Bureau of Prisons continues to offer booster vaccines in accordance with guidance from the Centers for Disease Control.[5] The vaccines "provide sustained protection against severe disease and death. …"[6] Therefore, even if Smith could show that COVID-19 was causing an outbreak at his facility or was considered an ongoing public health emergency, he cannot show that his risk could not be mitigated by a vaccine against the virus.

Based on the foregoing, Smith cannot show that COVID-19 creates an extraordinary and compelling reason for a sentence reduction and therefore, his motion for a sentence reduction citing conditions caused by the COVID-19 pandemic is **DENIED**.

### B. Medical Circumstances

A defendant may show an extraordinary and compelling reason for a sentence reduction based on medical circumstances when he can demonstrate the following:

---

[3] https://www.bop.gov/coronavirus/covid19_statistics.html (last viewed Jan. 4, 2024).
[4] https://www.hhs.gov/about/news/2023/05/11/hhs-secretary-xavier-becerra-statement-on-end-of-the-covid-19-public-health-emergency.html (last viewed Jan. 4, 2024).
[5] https://www.bop.gov/coronavirus/covid19_statistics.html (last viewed Jan. 4, 2024).
[6] https://www.cdc.gov/respiratory-viruses/whats-new/5-things-you-should-know.html (updated Oct. 13, 2023) (last viewed Jan. 4, 2024).

5

>(A) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
>(B) The defendant is—
>
>(i) suffering from a serious physical or medical condition,
>
>(ii) suffering from a serious functional or cognitive impairment, or
>
>(iii) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
>(C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

USSG § 1B1.13(b)(1)(A)–(C). Smith asserts that he suffers from chronic pain and high blood pressure and is a former smoker, and that these conditions diminish his ability to provide self-care in the prison.

While "self-care" is not defined in the application note, courts that have examined the issue have required petitioners to show a high level of disability.[7] For example, in United States v. Handy, No. PJM 04-0559, 2020 WL 2041666 (D. Md. April 28, 2020), a district court found that an inmate was unable to provide self-care when he could not walk and was confined to a

---

[7] BOP Program Statement 5050.50 addresses compassionate release for inmates who have suffered a debilitating injury from which they will not recover. The BOP considers release if the inmate is completely disabled, meaning the inmate cannot carry on any self-care and is totally confined to bed or chair; or is capable of only limited self-care and is confined to a bed or chair more than fifty percent of waking hours. BOP review also considers any cognitive deficits of the inmate although a cognitive deficit is not required in cases of severe physical impairment but may be a factor when considering the inmate's ability or inability to reoffend. While the program statement is not binding on the courts, it indicates the severity of a disability that the BOP finds necessary before considering an inmate eligible for compassionate release.

wheelchair or bed twenty-four hours per day, needed help breaking his food into small pieces, fetching a meal tray, opening packaging, and clipping his toenails due to his right hand being "completely deformed. Id. at *4 (internal citations omitted). Conversely, in United States v. Mattingley, No. 6:15-cr-00005, 2020 WL 974874 (W.D. Va. Feb. 28, 2020), the court found that a double amputee who required the use of prosthetics to ambulate and who also suffered from phantom pain, a propensity for infection, diabetes, kidney disease, and high blood pressure had not shown that he could no longer provide self-care. Id. at *1, 5. In United States v. Coleman, No. 3:17-cr-8, 2020 WL 5016967 at *3 (W.D. Va. Aug. 18, 2020), the court found that an inmate with vision loss due to uveitis who could not climb stairs and was limited to a lower bunk did not show his condition was so severe that he could not provide himself with self-care. Similarly, in United States v. Casey, No. 1:06-CR-00071, 2019 WL 1987311, at *1 (W.D. Va. May 6, 2019), the court determined that the defendant's limited mobility and inability to climb stairs did not suffice to show to he was unable to engage in self-care. See also United States v. Clark, No. 3:13-CR-163-FDW-1, 2019 WL 1052020, at *1 (W.D.N.C. Mar. 5, 2019) ("declining health, diabetes, stage-3 kidney failure, and back issues that require a walker" did not compromise ability to provide self-care).

The record confirms that Smith suffers from migraine and cluster headaches that have been resistant to treatment. See Med. Rs., ECF No. 310-3 at 3, 20, 26, 49, 83, 86, 93–103; ECF No. 310-4 at 3, 8, 15, 21, 29, 31, 51.[8] Despite the headaches, Smith has been able to work as a cook at the facility and has taken several classes, including welding, blueprint reading, construction, and classes to obtain his GED. Individualized Needs Plan, ECF No. 300-4.

---

[8] The record contains no evidence that Smith has been treated for high blood pressure or that he has suffered health problems related to smoking.

7

Smith's participation in these activities indicates that his health conditions do not limit his ability to provide self-care.

Accordingly, Smith's medical conditions do not present an "extraordinary and compelling" reason to reduce his sentence. Therefore, his motion for compassionate release based on his allegations of a serious physical or medical condition is **DENIED**.

### III. Conclusion

For the reasons stated, the court is unable to conclude that Smith has shown an "extraordinary and compelling" reason for finding him eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).[9] Accordingly, the court **DENIES** Smith's motion for compassionate release, ECF No. 300. The Clerk is **DIRECTED** to send a copy of this opinion and the accompanying order to Smith.

An appropriate order will be entered.

It is so **ORDERED**.

Entered: January 8, 2024

Michael F. Urbanski
Chief United States District Judge

---

[9] Because the court finds that Smith has not shown an "extraordinary and compelling" reason for granting his motion for a sentence reduction, the court will not address the 18 U.S.C. § 3553(a) factors. See United States v. Malone, 57 F.4th 167, 174 (4th Cir. 2023) ("[I]f the district court has determined that the defendant's § 3582(c)(1)(A) motion has demonstrated extraordinary and compelling reasons for release, it must then turn to the relevant sentencing factors set forth in § 3553(a) 'to the extent ... they are applicable.'")